UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| ALMEER K. NANCE | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:09-cv-378 |
| | ) | *Phillips* |
| | ) | |
| STEPHEN DOTSON, Warden | ) | |
| | ) | |
|    *Respondent*. | ) | |

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 6] will be **GRANTED IN PART** and **DENIED IN PART**.

I.  Standard of Review

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Nance is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

In support of the motion to dismiss, the respondent has provided the court with copies of the pleadings and court opinions on direct appeal and in post-conviction proceedings. [Court File No. 7, Motion to Dismiss, Addenda 1-3 (including subparts)].

Following the transfer of his case from juvenile court, petitioner Almeer K. Nance ("Nance") was convicted in the Circuit Court for Knox County, Tennessee, of one count of felony murder, one count of especially aggravated robbery, two counts of especially aggravated kidnaping, and three counts of aggravated robbery. On direct appeal, Nance challenged only the trial court's refusal to grant his motion to suppress the statement he gave to authorities. [Addendum 1, Document 5, Brief of Appellant, p. 6]. The Tennessee Court of Criminal Appeals affirmed the trial court's denial of the motion to suppress. *State v.*

2

*Nance*, E2000-00170-CCA-R3-CD, 2001 WL 1268499 (Tenn. Crim. App. Oct. 23, 2001) [Addendum 1, Document 3], *perm. app. denied, id.* (Tenn. March 11, 2002) [Addendum 1, Document 1].

Nance next filed a petition for post-conviction relief in which he alleged ineffective assistance of counsel. The trial court dismissed the petition for failure to prosecute and the Tennessee Court of Criminal Appeals reversed. *Nance v. State*, No. E2005-022650CCR-R3-PC, 2006 WL 1575110 (June 9, 2006) [Addendum 2, Document 1].

On remand and after an evidentiary hearing, the trial court denied the post-conviction petition, finding that Nance was not denied the effective assistance of counsel. Nance appealed, through appointed counsel, claiming that the trial court erred in concluding he was not denied effective assistance of counsel. In his brief, counsel for Nance noted that the post-conviction petition contained fifteen (15) allegations of ineffective assistance of counsel at trial or on appeal; nevertheless, he limited his appeal to only two claims of ineffective assistance: (1) counsel's advice that Nance not testify on his own behalf and (2) counsel's failure to raise on direct appeal the issues of sufficiency of the evidence and severance. [Addendum 3, Document 5, Brief of Appellant, pp. 19-25]. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Nance v. State*, No. E2008-00857-CCA-R3-PC, 2009 WL 160919 (Jan. 23, 2009) [Addendum 3, Document 3], *perm. app. denied, id.* (April 27, 2009) [Addendum 3, Document 1].

In his pending habeas corpus petition, Nance alleges that the trial court erred in failing to suppress his statement. [Court File No. 1, Habeas Petition, p. 6]. He also alleges the following eight instances of ineffective assistance of counsel (as summarized by the court):

1. Trial counsel failed to object to Nance's transfer from juvenile court to adult criminal court on double jeopardy grounds, and failed to pursue the issue either through an interlocutory appeal or an extraordinary appeal.

2. Trial counsel failed to file a motion to suppress Nance's written and recorded confession which was the fruit of an arrest not based upon probable cause.

3. Trial counsel failed to file a motion to suppress Nance's written and recorded confession which was obtained in violation of his right to counsel.

4. Trial counsel failed to file a motion to suppress Nance's written and recorded confession which was obtained after an improper waiver of the right to counsel.

5. Nance received ineffective assistance of counsel during the transfer hearing in juvenile court.

6. Trial counsel failed to properly prepare for trial and failed to properly question witnesses during trial.

7. Trial counsel failed to advise Nance of his right to testify and failed to discuss with Nance the decision of whether to testify or not.

8. Trial counsel failed to object to the felony murder conviction on the ground that the prosecution did not establish beyond a reasonable doubt the element of absence of duress.

[*Id.*, attached Memorandum in Support of Habeas Petition, pp. 1-12]. The respondent moves to dismiss the habeas corpus petition based upon procedural default.

III.   Procedural Default

The doctrine of procedural default is an extension of the exhaustion doctrine. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review."). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Nance cannot file another state petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). Accordingly, he has no remedy available to him in the Tennessee state courts for challenging his conviction and is deemed to have exhausted his state remedies.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). *Accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim

5

to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). With the forgoing in mind, the court will consider whether certain of Nance's claims are procedurally defaulted.

IV.  Discussion

As previously stated, post-conviction counsel noted in his appellate brief that the post-conviction petition alleged fifteen instances of ineffective assistance of counsel. [Addendum 3, Document 5, Brief of Appellant, p. 19]. Counsel, however, limited the issues on appeal to two claims of ineffective assistance of counsel: (1) trial counsel's advice that Nance not testify on his own behalf and (2) counsel's failure to raise on direct appeal the issues of sufficiency of the evidence and severance. [*Id.* at 19-25]. All remaining claims of ineffective assistance of counsel were thus procedurally defaulted and Nance has failed to demonstrate cause that would excuse his default.

With respect to the claim that trial counsel advised Nance not to testify, post-conviction counsel admitted that trial counsel extensively discussed with Nance his right to testify and explained why she was advising him not to; post-conviction counsel simply argued on appeal that the advice was wrong. [*Id.* at 19-20]. In fact, in its Memorandum Opinion from the bench, which contained the court's findings of fact and conclusions of law, the post-conviction court stated as follows:

> By his own testimony, the most important complaint he has is that he didn't testify at his trial, and that if he had testified that he could have convinced the jurors that he operated under duress and that they would not have convicted him of felony murder.
>
> But he's also very candid -- Mr. Nance is very candid that he understood it was his right to make the decision about whether he testified or not; that he followed the advice of counsel, which counsel admits that she gave that he should not testify and explained to him why. And now he is here saying he wished he had done otherwise.
>
> This is not a situation where the Court can look and say with the benefit of hindsight he should have tried a different strategy because maybe that one would have worked. As long as Mr. Nance understood his rights at the time, which it's clear he did, that it was his decision to make, it's not ineffective assistance. That his attorney gave him sound advice and he followed it and it didn't work out. That's not what post conviction is about. So that ground is not sufficient to give relief.

[Court File No. 1, Habeas Petition, Exhibit 1, Order denying post conviction relief, attached Transcript, pp. 3-4].

Nance now in his pending habeas petition contends that trial counsel did not advise him of his right to testify and did not discuss the matter with him at all. This claim is both

contradicted in the record and, because it was not raised on appeal in post-conviction proceedings, is procedurally defaulted.

Nance also now claims that his trial counsel failed to object to the felony murder conviction on the ground that the prosecution did not establish beyond a reasonable doubt the element of absence of duress. Post-conviction counsel on appeal, however, noted that counsel at trial objected to the sufficiency of the convicting evidence. [Addendum 3, Document 5, Brief of Appellant, p. 24]. In his brief, post-conviction counsel simply challenged trial counsel's decision to not pursue the matter on appeal. That is not the same as Nance's habeas claim, which is also contradicted in the record and, because it was not raised on appeal in post-conviction proceedings, is procedurally defaulted.

The respondent contends that all of Nance's claims of ineffective assistance of counsel are procedurally defaulted and this court agrees. The respondent has not addressed, however, Nance's claim that the trial court erred in failing to suppress his statement to the authorities. That claim was pursued on direct appeal to the Tennessee appellate courts and must be considered by this court on the merits. Accordingly, the respondent should respond on the merits, within thirty (30) days of the date of this Memorandum, to Nance's claim that his statement should have been suppressed. In doing so, the respondent should expand the record in this case to include the transcript of the hearing on the motion to suppress, exhibits introduced at the hearing, the trial court's written order denying the motion to suppress, and any other documents which are relevant to the issue.

V.  Conclusion

The motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART**. The motion will be **GRANTED** as to petitioner's claims of ineffective assistance of counsel. The motion will be **DENIED** with respect to petitioner's claim that the trial court erred in failing to suppress his statement. The respondent will be **ORDERED** to respond to that claim on the merits within thirty (30) days of the date of this Memorandum.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                                           s/ Thomas W. Phillips
                                                     United States District Judge